UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OKIKIOLA HUNTER, | CIVIL ACTION |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| CREDIT PROTECTION ASSOCIATION, L.P., | |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, OKIKIOLA HUNTER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Credit Protection Association, L.P. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages stemming from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Okikiola Hunter, is a natural person residing at 770 Pahl Road, Elk Grove Village, Illinois 60007 and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendant was a corporation incorporated under the laws of the state of Texas with its principal place of business located in Dallas, Texas.

6. Defendant is in the business of collecting debts in the state of Illinois.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. On September 26, 2013, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-37970. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

9. Prior to the bankruptcy filing, Plaintiff was indebted to Commonwealth Edison Company ("ComEd") for utility services ("subject debt").

10. Plaintiff included the subject debt on Schedule F of her Chapter 7 petition. *See* Exhibit B, a true and correct copy of Schedule F of Plaintiff's Chapter 7 petition.

11. On September 29, 2013, the Bankruptcy Noticing Center ("BNC") sent a Notice of Chapter 7 Case to all creditors, including ComEd. *See* attached Exhibit C, a true and correct copy

of the Certificate of Notice executed by the BNC establishing service of the Notice of Chapter 7 Case upon ComEd.

12. On February 6, 2014, Plaintiff received a discharge in her bankruptcy case pursuant to 11 U.S.C. §727, absolving her of all pre-bankruptcy debts, including the subject debt. *See* attached Exhibit D, a true and correct copy of the Order of Discharge and the BNC Certificate of Notice establishing service of the Order of Discharge upon ComEd.

13. Upon information and belief, ComEd employed the Defendant to collect on the subject debt after the entry of discharge in Plaintiff's bankruptcy case.

14. On August 20, 2014, after Plaintiff received the Chapter 7 bankruptcy discharge, Defendant sent a dunning letter to Plaintiff demanding payment on the subject debt in the amount of $517.82. *See* attached Exhibit E, a true and correct copy of the August 20, 2014, dunning letter.

15. Defendant's dunning letter references the ComEd account, which is the same ComEd account listed on Schedule F of Plaintiff's Chapter 7 petition. *Id.*

16. Defendant's dunning letter expressly states:

"Your account has been turned over for collections and requires your attention."
*Id.*

17. Defendant's dunning letter expressly states:

"This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." *Id.*

18. Defendant's dunning letter also includes a payment coupon with instructions to:

"Fold tear and return above portion with your payment....always protect your credit rating." *Id.*

3

19. Defendant's dunning letter was sent to Plaintiff notwithstanding the fact that any collection efforts on the subject debt were prohibited by the bankruptcy discharge injunction pursuant to 11 U.S.C. §524.

20. The dunning letter was highly confusing and upsetting to Plaintiff.

21. Plaintiff has suffered emotional distress and mental anguish as a result of the dunning letter as Plaintiff was led to believe her bankruptcy filing was futile and had no legal effect.

22. Plaintiff has expended time consulting with her attorneys as a result of the deceptive collection actions of Defendant.

23. Concerned about the violations of her rights and protections afforded by virtue of filing her Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant violated 15 U.S.C. §§1692 e(2), e(5), e(10), and f(1) through its debt collection efforts on the subject debt.

26. Defendant violated §1692e(2) by falsely representing the amount and legal status of the subject debt in its dunning letter as the debt was not due and owing and was discharged in Plaintiff's bankruptcy.

27. Defendant violated §1692e(5) by sending the dunning letter to Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the discharge injunction.

28. Defendant violated §1692e(10) by engaging in deceptive conduct by attempting to induce Plaintiff into paying a debt that is no longer owed by virtue of Plaintiff's bankruptcy discharge.

29. Defendant violated §1692f(1) by attempting to collect a debt that is not permitted by law as the discharge injunction prohibits all collections efforts on the subject debt.

30. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally owed.

31. Upon information and belief, Defendant has no system or procedures in place to identify and cease collection on discharged debts.

WHEREFORE, Plaintiff, OKIKIOLA HUNTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a debt from Plaintiff while she was protected by the discharge injunction pursuant to 11 U.S.C. §524.

34. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in

> the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

35. Defendant's dunning letter represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the demand for payment was made.

36. Defendant's demand for payment was made with knowledge of the bankruptcy case filing and was unfair and misleading to Plaintiff.

37. Defendant's confusing and deceptive dunning letter to Plaintiff demonstrates that Defendant regularly engages in such practices designed to mislead debtors.

38. Defendant's practice of collecting on discharged debt is the type of behavior ICFA was enacted to protect against.

39. ICFA was designed to protect consumers from the very acts committed by Defendant.

40. Defendant intended that Plaintiff rely on these misrepresentations.

41. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

42. As pled in paragraphs 20 through 23 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

43. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its lucrative business model.

44. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, OKIKIOLA HUNTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual, punitive, and statutory damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff's costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2014                    Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
